UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| GNAT BOOTY MUSIC, LORIMAR MUSIC A. CORP., and ELSIE'S BABY BOY,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>B&B BLUEPLATE, INC. and BRIAN BURNS,  )<br>)<br>Defendants.  )<br>) | CIVIL ACTION NO.<br>_____ |

## **COMPLAINT**

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## **THE PARTIES**

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5. On information and belief, Defendant B&B Blueplate, L.L.C. ("BBB") is a limited liability company organized under the laws of the state of Texas with offices 5402 4th Street, Lubbock, Texas 79416.

6. At all times hereinafter mentioned, BBB did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Rodeo 4 located at 5402 4th Street, Suite C, Lubbock, Texas 79416.

7. Musical compositions were and are publicly performed at Rodeo 4.

8. Defendant Brian Burns ("Burns," and, together with BBB, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Burns was, and still is, a member, officer, director, and/or owner of BBB.

10. At all times hereinafter mentioned, Burns was, and still is, responsible for the control, management, operation and maintenance of the affairs of BBB.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Rodeo 4, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. BBB derives a direct financial benefit from the public performance of musical compositions at Rodeo 4.

13. Burns derives a direct financial benefit from the public performance of musical compositions at Rodeo 4.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and

protects the public performance rights of its nearly 875,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

    (a) Defendants entered into a license agreement with ASCAP, effective January 15, 2016.

    (b) Defendants, however, failed to pay license fees as required by the license agreement.

    (c) Because of Defendants' failure to pay license fees due, ASCAP duly terminated Defendants' prior ASCAP license as of June 30, 2022 for material default.

17. Since termination of Defendants' ASCAP license for Rodeo 4, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to reinstate the license for Rodeo 4, or relicense the establishment, upon payment of the outstanding fees owed to ASCAP.

18. Defendants have refused all of ASCAP's offers to reinstate the license for Rodeo 4.

19. As a result of the foregoing, Rodeo 4 has been unlicensed by ASCAP since June 30, 2022.

20. ASCAP's various communications offering to reinstate the license for Rodeo 4 gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Rodeo 4 constitute copyright infringement.

21. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at Rodeo 4, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at Rodeo 4 of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at Rodeo 4 include the performances of the three copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any musical composition in the ASCAP repertory, and from causing or permitting the said compositions, or any musical composition in the ASCAP repertory, to be publicly performed at Rodeo 4, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compostions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Respectfully submitted,

*/s/ Stacy R. Obenhaus*
Stacy R. Obenhaus
Texas Bar No. 15161570
sobenhaus@foley.com
Reymundo G. Rodriguez IV
Texas Bar No. 24107357
rrodriguez@foley.com
Foley & Lardner LLP
2021 McKinney, Suite 1600
Dallas, Texas 75201
Tel:    214.999.3000
Fax:    214.999.4667

Counsel for Plaintiffs

**Schedule A**

| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication or Registration | Certificate of Registration Number | Date of Known Infringement |
|---|---|---|---|---|---|---|
| 1. | GNAT BOOTY MUSIC | HEY YA! | Andre Benjamin | September 23, 2003 | PA 1-222-527 | October 12, 2022 |
| 2. | LORIMAR MUSIC A. CORP. | COPPERHEAD ROAD | Stephen F. Earle | September 28, 1988 | PA 396-443 | October 13, 2022 |
| 3. | ELSIE'S BABY BOY | MEMORIES | David P. Guetta<br>Scott Mescudi<br>Frederic J. Riesterer | August 25, 2009 | PA 1-682-912 | October 12, 2022 |